United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Nelson A. Mejia Pineda, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5911 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**NOTICE OF DEFICIENCY AND ORDER**

Erika Ybarra Jordon filed this petition on behalf of Nelson A. Mejia Pineda, seeking a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Doc. 1. Pineda is currently detained by immigration officials at the North Lake Processing Center in Baldwin, Michigan.[1] Doc. 6. The Court finds that Jordon has not shown that she meets the requirements to represent Pineda. Within seven days of the date this order is issued, Jordon shall file a motion to represent Pineda as next friend, or, alternatively, if Pineda intends to proceed on his own, he shall file an amended petition under his own signature.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codifies the "next friend" doctrine, which authorizes a person to pursue an action on behalf of the person detained, but the

[1] When the Petition was filed, Petitioner was detained at the Houston Contract Detention Facility in Houston, Texas. Doc. 1 at 2.

detained individual remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990).

However, a putative "next friend" must establish standing before a federal court can exercise jurisdiction over a petition filed by him. Next-friend standing only exists in limited circumstances, and it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To establish standing, the filer seeking "next friend" status must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," (2) establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and (3) demonstrate "some significant relationship with the real party in interest." *Id.* at 163–64.

The first criterion is critical; if the petition "does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (per curiam). And for all three showings, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status." *Whitmore*, 495 U.S. at 164.

The Petition does not satisfy that burden. It merely provides that Jordon is Pineda's fiancée and the mother of their daughter. Doc. 1 at 3. It does not provide an adequate explanation as to why Pineda cannot appear on his own behalf to prosecute this action.

The Court therefore ORDERS:

1. If Erika Ybarra Jordon seeks to pursue this petition on Nelson A. Mejia Pineda's behalf, she shall file a motion to proceed as next friend within **seven (7) days** of

this order. The motion shall make a factual showing that she meets the criteria set forth above.

2. If Nelson A. Mejia Pineda intends to prosecute this action on his own, he shall file an amended petition under his own signature within **seven (7) days** of this order. The amended petition shall be filed under the same case number currently assigned to the Petition. If Nelson A. Mejia Pineda does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Failure to comply fully within the time allotted above may result in the dismissal of this proceeding without further notice. The Clerk of Court shall send a copy of this order to Erika Ybarra Jordon and Nelson A. Mejia Pineda.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 6th of October, 2026.

Nicholas J. Ganjei
United States District Judge